

# In the Court of Criminal Appeals of Texas

No. WR-92,376-02

EX PARTE OSCEAS CANTU,

*Applicant*

ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 2015-DCR-00691-C IN THE 197th DISTRICT
COURT
FROM CAMERON COUNTY

YEARY, J., filed a concurring opinion, in which SLAUGHTER, J., joined.

Applicant was convicted in 2015 of Continuous Sexual Abuse of a Child and sentenced to 75 years' imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Cantu v. State*, No. 13-16-00002-CR (Tex. App.—Corpus Christi-Edinburgh July 13, 2017) (not designated

for publication).

In May of 2022, Applicant filed an application for writ of habeas corpus in the county of conviction. TEX. CODE CRIM. PROC. art. 11.07. In his application, he alleges ineffective assistance of trial counsel, new scientific evidence, and false testimony.

Today, the Court remands this application to the trial court to further develop the record. I join the Court's remand order. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Bazille*, ___ S.W.3d ___, No. WR-89,851-02, 2022 WL 108348 (Tex. Crim. App. Jan. 12, 2022) (Yeary, J., concurring).

The doctrine of laches ought to be considered in a case like this one. Applicant's trial occurred in 2015, but this writ application was not filed until almost 7 years later.[1] The record is also silent regarding circumstances that may excuse Applicant's delay. At least some explanation for the long delay in filing should be provided.

Consistent with this Court's precedent, the trial court "may *sua sponte* consider and determine whether laches should bar relief." *Smith*, 444 S.W.3d at 667. If the trial court does so, it must give Applicant the opportunity to explain the reasons for the delay and give the State's

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).

prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims. *Id.* at 670. And ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

**FILED:**                                        August 24, 2022
**DO NOT PUBLISH**